```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA         :
     - v. -                      :     S1 12 Cr. 120 (RJS)
NICOLAS EPSKAMP,                 :
     a/k/a "Nico,"
                                 :
          Defendant.
                                 :
- - - - - - - - - - - - - - - - - -x
```

## JOINT SUPPLEMENTAL PROPOSED REQUESTS TO CHARGE

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
       of America

SHANE T. STANSBURY
IAN MCGINLEY
Assistant United States Attorneys
- Of Counsel -

REQUEST NO. 1

Count Two:
Narcotics Substantive

The Indictment charges the defendant in Count Two with the substantive crime of possessing with intent to distribute a controlled substance on board an aircraft registered in the United States, and with aiding and abetting that offense. I will now read Count Two of Indictment to you:

> [The Court is respectfully requested to read Count Two of the Indictment.]

REQUEST NO. 2

Count Two:
Narcotics Substantive Count: Elements

To sustain its burden of proof with respect to Count Two contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, that the defendant intentionally and knowingly possessed with the intent to distribute a controlled substance, or aided and abetted another individual in that act; and

Second, that the controlled substance that the defendant possessed with the intent to distribute was on board an aircraft registered in the United States.

See 21 United States Code, Section 959(b)

REQUEST NO. 3

Count One:
Narcotics Conspiracy:
First Element – Intent and Knowledge

The first element you must consider is whether the defendant intentionally and knowingly possessed a controlled substance with the intent to distribute. I have already defined "intentionally" and "knowingly" for you with respect to the conspiracy count. You should apply those definitions here.

I have also already defined for you the meaning of "possession with the intent to distribute." You should apply that definition here.

REQUEST NO. 4

Count One:
Narcotics Conspiracy:
Second Element - Aircraft Registered in the United States

The second element you must consider is whether the defendant possessed with intent to distribute the controlled substance on board an aircraft registered in the United States. As I previously instructed you, if the Government proves that the aircraft used was registered in the United States, that is enough. The defendant need not know that the aircraft was registered in the United States.

REQUEST NO. 5

Count Two:
Narcotics Substantive:
Aiding and Abetting

As I mentioned earlier, with respect to Count Two, the Indictment charges the defendant with what is called "aiding and abetting." The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime for which he is charged – here, possessing with intent to distribute a controlled substance on board an aircraft registered in the United States – in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself. Accordingly, you may find the defendant guilty of the

6

substantive crime you find beyond a reasonable doubt that the Government has proved that another person or persons actually committed the crime, and that the defendant aided and abetted that person or persons in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done — that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the

defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crimes with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty of the offense.

>Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge of Judge Denny Chin in United States v. Boakye, 00 Cr. 695 (S.D.N.Y. 2001) (DC)